UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TONI M. BRASHER-LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 1:12-cv-0595-DML-RLY |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security, | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## Decision on Judicial Review

Plaintiff Toni Brasher-Lee applied in December 2007, for Disability Insurance Benefits (DIB) and Supplemental Security Income disability benefits (SSI) under Titles II and XVI, respectively, of the Social Security Act.  She alleged that her disability began in 2003 as a result of residual effects from a stroke.  The Social Security Administration denied her applications initially, upon reconsideration, and by administrative decision issued by an Administrative Law Judge in September 2010.  In November 2010, the Appeals Council remanded the case for a supplemental hearing and a new decision.  The ALJ held a supplemental hearing in June 2011, during which a medical expert testified regarding whether Ms. Brasher-Lee's severe physical impairments met or medically equaled the requirements of any listing.  She had suffered a stroke in 2002 and another syncopal episode in 2009 and had residual physical limitations.   In his September 2011 decision, the ALJ determined that no listing was met or medically equaled,

that Ms. Brasher-Lee has the residual functional capacity to work at a light level of exertion with some modifications, and that jobs existed in significant numbers fitting her work capacity. He thus concluded that she was not disabled and not entitled to either DIB or SSI. The Appeals Council denied review of this decision, rendering the ALJ's decision for the Commissioner final. Ms. Brasher-Lee timely filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision. The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Ms. Brasher-Lee's assertions of error regarding the ALJ's step four residual functional capacity determination and his evaluation of Ms. Brasher-Lee's credibility are perfunctory and provide no basis for reversal and remand. This appeal turns on whether substantial evidence supports the ALJ's decision at step three that Ms. Brasher-Lee's stroke-related impairments do not satisfy listing 11.04B.

For the reasons discussed below, the Commissioner's decision is REVERSED AND REMANDED.

## Standard for Proving Disability

To prove disability, a claimant must show that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

U.S.C. § 423(d)(1)(A) (DIB benefits);  42 U.S.C. § 1382c(a)(3)(A) (SSI benefits).[1]  The Social Security Administration ("SSA") has implemented this statutory standard by, in part, prescribing a five-step sequential evaluation process for determining disability.  20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if she is, then she is not disabled.  Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then she is not disabled.  A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1520(c).  The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.  The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to all the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits.  *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

---

[1]     Two programs of disability benefits are available under the Social Security Act:  DIB under Title II for persons who have achieved insured status through employment and withheld premiums, 42 U.S.C. § 423 *et seq.*, and SSI disability benefits under Title XVI for uninsured individuals who meet income and resources criteria., 42 U.S.C. § 1381 *et seq.*  The court's citations to the Social Security Act and regulations promulgated by the Social Security Administration are those applicable to DIB benefits.  For SSI benefits, material identical provisions appear in Title XVI and at 20 C.F.R. § 416.901 *et seq.*

If the claimant's impairments do not satisfy a listing, then her residual functional capacity (RFC) is determined for purposes of steps four and five.  RFC is a claimant's ability to do work on a regular and continuing basis despite her impairment-related physical and mental limitations.  20 C.F.R. § 404.1545.  At the fourth step, if the claimant has the RFC to perform her past relevant work, then she is not disabled.  The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on her age, work experience, and education (which are not considered at step four), and his RFC; if so, then she is not disabled.

The individual claiming disability bears the burden of proof at steps one through four.  *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987).  If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given her age, education, work experience, and functional capacity.  20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

## Standard for Review of the ALJ's Decision

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential.  A court must affirm if no error of law occurred and if the findings are supported by substantial evidence.  *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001).  Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion.  *Id.*  The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence.  *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

## Analysis

A claimant is presumptively disabled and qualifies for benefits if she suffers from medical conditions that meet or medically equal an impairment described in the Listing of Impairments. *Kastner v. Astrue,* 697 F.3d 642, 647 (7th Cir. 2012). Ms. Brasher-Lee contends that her condition meets or equals the requirements for "central nervous system vascular accident" found at listing 11.04B. This listing requires, colloquially, a stroke, "[w]ith one of the following more than 3 months post-vascular accident:

> A. Sensory or motor aphasia resulting in ineffective speech or communication; or
>
> B. Significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C).

Subsection B is applicable here, and its reference to 11.00C provides the following additional information regarding "persistent disorganization of motor function":

> 11.00C. *Persistent disorganization of motor function* in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances (any or all of which may be due to cerebral, cerebellar, brain stem, spinal cord, or peripheral nerve dysfunction) which occur singly or in various combinations, frequently provides the sole or partial basis for decision in cases of neurological impairment. The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms.

Whether the requirements of a listing are met or medically equaled is a "medical judgment." *Barnett v. Barnhart,* 381 F.3d 664, 670 (7th Cir. 2004). The record must contain medical expert opinion to support a step three finding, which

may take the form—as it did here—of expert testimony at the hearing. *Id.* at 670-71.

Dr. Karl Manders, a neurologist, testified at the hearing regarding his analysis of Ms. Brasher-Lee's medical records against listing 11.04B. He stated that the claimant had suffered a stroke in July 2002 on her left side, which caused hemiparesis (or weakness) on her right side, and had had another syncopal attack in 2009. He noted that Ms. Brasher-Lee has problems using her right hand for repetitive fine movement and her right foot for any pushing or pulling and that she cannot raise her right arm above 90 degrees. In reviewing her records, he concluded that there is no question that "she's had persistent disorganization of motor function in two extremities" (her right upper and right lower), but could not say whether the "persistent disorganization" was "significant" because Ms. Brasher-Lee can stand and walk to a degree. (R. 492-93). Dr. Manders explained that he believed that the ALJ should decide whether the "persistent disorganization" was "significant" and was leaving that issue up to the ALJ:

> Q. Your testimony is that she medically equals listing 11.04B, is that what you said?
>
> A. She could with – the judge has to decide about significance.
>
> I can't say – yeah, I mean I – without examining her I don't know what significant means. She does have motion of the hand and of the arm to a degree that she can use it, but not use it for fine movement. My problem with this – and the judge has to decide what significant means. And that may vary. So I'm just – that's all I'm willing to speculate. If I could say persistent disorganization and leave out the "significant," then I would say she could equal that. But I'm leaving that up to the judge to decide what's significant.

6

> If I put significant in there then I have to turn to you [the ALJ], because it's very vague. She can use the hand but not for repetitive fine movements. She's had good recovery. She can use the arm but only up to 90 degree. So if significant means, how I would interpret it, my initial thing was, well, she doesn't -- she meets disorganization, but the significant thing is a matter of – it's subjective how you look at this thing from the observer. And that's why I'm glad you're the judge because it's described as she has made a recovery, a good recovery, but still with impairment. . . . [M]anipulation of the hands looks good, but the fine movements are restricted. So I would have to say, Your Honor, when pushed to it, I don't know as what significant – how you'd interpret it. If I interpret it, I would say she's made significant recovery. Because of that I would mean not to say that she would meet or equal that particular listing. But I don't – significant is the problem.

(R. 496-98).

Upon further questioning, Dr. Manders continued to attempt to decide what "significant" might mean. He was impressed by Ms. Brasher-Lee's recovery since her original stroke in 2002, acknowledged that she still has difficulty walking for any prolonged period of time, difficulty using her right hand for repetitive fine manipulation, and her right foot for repetitive pushing and pulling, and then stated that these restrictions are not "to me" significant or would not meet "my definition of significant." (R. 499-500). Dr. Manders went on to say that to him, "significant" seems like it means "hemiplegia, where you can't hardly use it, than a hemiparesis, which is what she had." (R. 502).

Given the confusion and Dr. Manders's acknowledged difficulty with understanding the import of the listing's terms, Ms. Brasher-Lee requested that the ALJ order a consultative neurological evaluation and convene a supplemental hearing so that a definitive conclusion could be drawn whether Ms. Brasher-Lee's

7

impairments meet or medically equal the listing. (R. 502). The ALJ issued his decision without gathering additional evidence, and concluded that Dr. Manders had opined that Ms. Brasher-Lee's impairments were "not significant" or not "deemed significant." (R. 12).

In the court's view, the ALJ's characterization of Dr. Manders's testimony is not sustainable. Dr. Manders was not sure how to apply the listing, did not want to decide what "significant" means for purposes of the listing, and sometimes equated a "significant" recovery with the lack of "significant" disorganization and motor function. His testimony also suggests that he views disorganization of motor function from paresis—which is how he characterized the claimant's condition—as not "significant," and that to be "significant," there must have been hemiplegia. (R. 502). Listing 11.00 suggests, however, that the persistent disorganization of motor function "in the form of paresis" can satisfy the listing. In addition, the ALJ mischaracterized other parts of Dr. Manders's testimony. The ALJ stated that Ms. Brasher-Lee's limitations "do not interfere with her ability to stand and walk normally," while Dr. Manders acknowledged that she does have difficulty walking for any prolonged period.

Because the ALJ has cited Dr. Manders's testimony as the basis for his decision that no listing was met or medically equaled, despite Dr. Manders's inability to provide an opinion to any reasonable degree of certainty whether listing 11.04B was met or medically equaled, the Commissioner's decision is not supported by substantial evidence and must be remanded for reconsideration at step three.

**The ALJ must determine whether it is appropriate to order a neurological work-up before seeking a medical opinion whether Ms. Brasher-Lee is presumptively disabled at step three. Dr. Manders thought one would be helpful before opining whether the limitations are "significant."**

### Conclusion

For the foregoing reasons, the Commissioner's decision is REVERSED and REMANDED for reconsideration at step three.

So ORDERED.

Date: 09/24/2013

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov